## Spence vs. Dodd.

The answer of the defendant, if verified by affidavit, and responsive to the bill, in a matter within the knowledge of the defendant, must be taken as true, unless overturned by two witnesses, or one with strong corroborating circumstances, though the bill be also verified by the affidavit of the complainant.

*Appeal from the Circuit Court of Clark county in Chancery.*

The Hon. Abner A. Stith, Circuit Judge.

S. H. Hempstead for the appellant.

The rule is, that in cases where the bill is *sworn to*, one witness is sufficient to outweigh the answer, and entitle the complainant to a decree. With regard to bills *not sworn to*, the oath of the witness is against that of the defendant; and although it would seem reasonable that that of the disinterested person should prevail, yet it is regarded as only oath against oath, and consequently there must be corroborating circumstances to turn the scale. But where the bill is sworn to, as in the case at bar, it is not oath against oath, but it is the oath of the complainant, and one disinterested witness against the oath of the defendant. The case of *Searcy vs. Paunell, Cooke's Ten. Rep.* 110, will be found to fully sustain this doctrine.

Watkins & Gallagher for the appellee.

Mr. Justice Hanly, delivered the opinion of the Court.

This was a bill, brought by the appellant against the appellee in the Clark Circuit Court in chancery, charging, in substance, that, on the 22d June, 1852, the appellant sold to the appellee

a negro man slave, named Henry, for $650; and that it was expressly understood between the parties, at the time, that upon the repayment of the purchase money, $650, within two years, the appellee agreed to redeliver the slave, thus sold, to the appellant; that, on the 1st August, 1853, appellant tendered to appellee the sum of $650, in cash, and demanded a redelivery of the slave, but that appellee refused to receive the money and to deliver the negro. The bill charges that the negro was worth, at the time of the sale, $1200, and prays that appellee shall either return the negro to appellant, on which he offers to pay the $650 advanced, or else be decreed to pay him so much as his value exceeds the sum of $650, and for general relief, etc.

The appellee answered, and admitted the purchase of the slave at the price stated, and also, that, in July or August, 1853, he sold him for $900; positively denied that there was any such agreement as the one alleged in the bill, or that the transaction was a mortgage or conditional sale; but, on the contrary, that he purchased the slave absolutely, and took a receipt for the purchase money, as follows, *viz:* " Received, June 22d, 1853, six hundred and fifty dollars, of James Dodd, in full pay for Henry, a negro boy, about 20 years of age."

The appellant filed his replication to the answer.

The cause was set down for hearing upon the bill, the answer, the replication, and proof.

At the hearing, the following proof, in the form of depositions, was submitted.

*Armbrister*, was present at the sale. The contract agreed to at the time, by the parties, was, that appellee should give appellant $650 for the negro boy, Henry, and, if the appellant should return the amount to him, appellee, within two years from that time, appellee would redeliver the negro to appellant. Appellee said, at the time, his word was as good as his bond.

*Rogers* proves the tender of $650, by the appellant, to the

appellee, within two years. Heard appellee say he could get $1200 for the negro.

*McLure* proves that appellee stated he could get $1250 for the boy.

*Elder* proved the hand-writing of appellant to the receipt, above.copied.

On this state of facts, the bill was dismissed at the hearing, and the complainant appealed; and he insists here that there is error in the decree of the Court below, in this, that his bill should not have been dismissed, but, on the contrary thereof, that he was entitled to the relief prayed for therein.

Without stopping to enquire whether the case presented by the bill, before us, is one, in which chancery will relieve, under any circumstances, we will at once proceed to determine (supposing, for the argument, that the case, made by the bill, is one in which chancery will relieve) whether, from the pleading and evidence, the appellant has shown himself entitled to any relief whatever.

When the facts alleged in the complainant's bill are denied in the answer, it is a general principle that they must be proved by two creditable witnesses, or one witness and strong corroborating circumstances. See *Akin vs. Harrington et al.,* 7 *Eng. Rep.* 391; *Jordan vs. Fenno,* 13 *Ark. Rep.* 593; *Wheat et al. vs. Moss et al.,* 16 *Ark. Rep.* 243; also, *Adam's Eq.* 145, *and cases collated in note* 2.

The appellee is positive and direct in his answer. He positively denies that there was any secret or oral agreement or understanding between himself and appellant other than that expressed in the receipt exhibited with his answer, which, he asserts contains the true and only contract or agreement made with appellant in respect to the negro boy in question. The answer is very full and positive and as it is in regard to a matter within the personal knowledge of the appellee it must prevail unless the appellant's allegation is sustained by the testimony of two witnesses or that of one supported by strong corroborating circumstances. When we appeal to the facts before

us, we find the answer is opposed by the testimony of but a single witness and that, too, without the aid of a solitary corroborating circumstance.

But it is insisted by the counsel for the appellant, that the rule we have expressed is mitigated or qualified by the fact, that the appellant's bill, in the instance before us, was sworn to, maintaining as he does that in cases where the bill is sworn to, one witness in support of it will overcome the answer which is responsive to its allegations and contains positive denials thereof, without further proof in support of the answer. And in maintenance of this we are referred to *Searcy vs. Parmele and Burton*, 1 *Cook's (Tenn.) Reps.* 110. We have examined this case but do not think it sustains, if it may be considered an authority, the counsel, to the extent he would have us apply it in the present instance. In the case in Cook the learned Judge, McNairy, who delivered the opinion of the court, seems to have based his ruling upon the ground, that the bill was not only sworn to, but was such an one as the rules of chancery practice required should be sworn to. Not so in the case at bar. We know of no rule of chancery practice which required the appellant to verify his bill by his affidavit. If the affidavit were really untrue in point of fact we know of no rule of law which would make the false oath of the appellant amount to legal perjury, and this because the affidavit was not a material requirement, and, consequently, an act wholly voluntary on the part of the affiant. This being true he could only be prompted in taking the oath or making the affidavit, as far as its truth or its falsity is involved, by the moral obligation which might be supposed to govern a man in telling the truth, " for truth's sake," without regard to the pains and penalties denounced against perjury by the municipal law of the land. When we come to consider the answer of the appellee and its verification by his oath we find it possessing the same moral sanctity which characterises the oath appended to the bill, and in addition to this, the security which may be presumed to arise from the penalty which the law denounces against legal perjury. The obligation

of the two oaths, in a legal sense, cannot be regarded as equal, or in the language of Judge McNairy, the oath appended to the bill and the one which verifies the answer is not " *oath* against *oath*." In the case of the bill the oath is only obligatory in a moral sense, while in case of the answer the party has not only incurred a moral obligation, but likewise has made himself amenable to the penalties of perjury. Whilst we do not question the authority of the case to which we have been referred, and which we have noticed above, yet we must be permitted to say we have been unable to find a single adjudication sustaining it, except, possibly, in Mississippi, where the Legislature have seen fit to abolish the rule, where both bill and answer are sworn to, requiring more than one witness to overthrow an answer in chancery. See *Stat. Feb'y* 15*th*, 1838, *sec.* 6 *Ald. & Van Hoes Digest*, *p.* 847. In Indiana there seems also to have been some legislation on the subject which changes the practice to a partial extent. See *Rev. Stat.* 1852, *Pt.* 2, *chap.* 1, *sec.* 25. And this may be the case in other States, whose local laws we have not examined in connection with this subject. We apprehend, when the rule, in reference to a sworn answer, is different from what we have before expressed, that the difference proceeds from some local law and is not the result of judicial determination.

In view of the foregoing we are at a loss to conceive how it was possible for the chancellor to have done otherwise, at the hearing, than to dismiss the bill as he did.

The decree of the Clark Circuit Court in chancery, is therefore affirmed at the costs of the appellant.

Absent, Mr. Justice Scott.